THE STATE OF OHIO, APPELLEE, *v.* SUBLETT, APPELLANT.

(No. 9698—Decided December 24, 1980.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, for appellee.

*Mr. William J. Schultz,* for appellant.

MAHONEY, J. This is another postconviction appeal of the many attacking indictments by the January 1979 grand jury, because of various imperfections in procedural compliance with R. C. Chapter 2313.

In this case, the trial court conducted an evidentiary hearing which established, *inter alia:* (1) that the commissioners of jurors failed to publish a notice, as provided by R. C. 2313.20, of the drawing for the January 1979 term grand jury venire, which they in fact conducted in December 1978; (2) that the commissioners of jurors did not have an office, as provided by R. C. 2313.05; (3) that the drawing was conducted at the county data processing office and not in an otherwise public place, nor in the commissioners' "office" (R. C. 2313.23); and (4) that the commissioners maintained some records in their private homes which were not available for public inspection.

The appellant argues that the indictments are constitutionally void or voidable and that the court lacked jurisdiction over his person and lacked jurisdiction to convict him of the nine felonies in issue. He relies on *State* v. *Davis* (1978), 60 Ohio App. 2d 355.

The appellant also contends that the automatic data processing procedure employed was not adopted by rule of court. We take judicial notice that such a rule was adopted per R. C. 2313.21(C) and recorded in Volume I, Miscellaneous Docket 18, pages 978 to 980, in the records of the Clerk of the Court of Common Pleas of Summit County, and entered on October 3, 1966.

The trial court overruled the postconviction petition applying *State* v. *Perry* (1967), 10 Ohio St. 2d 175, and Crim. R. 6(B)(1).

The trial court also found that the drawing was actually conducted from the electors' cards at the data processing center and *was* open to the public. In addition, the evidence at the hearing was that the commissioners of jurors kept some records at their homes, but that the venire was filed with the clerk. The trial court also found that the commissioners of

jurors conducted business and meetings out of the court's assignment office as well as the petit jury room.

We concur with the appellant that Crim. R. 6(B)(1) is inapplicable in this case because of the absence of publication as required by statute. The same reasoning precludes the application of *State* v. *Perry, supra,* until such time as the defendant gained knowledge of the lack of publication. However, that does not negate the need to show that the jurors selected were not otherwise qualified to serve. See R. C. 2313.41 and Crim. R. 6(B)(2). Without such a showing, appellant cannot show that he was prejudiced by the failure to publish, even though the commissioners could conceivably be criminally liable under certain fact situations.

This case is distinguishable from *State* v. *Davis, supra,* since that case involved an absence of records of persons excused from service, which absence prevented a judicial review of the jury selection process.

Therefore, in accordance with *State* v. *Scott* (Summit Co. Ct. of Appeals No. 9669, October 15, 1980), unreported, and *State* v. *Snow* (Summit Co. Ct. of Appeals No. 9806, December 24, 1980), unreported, and the cases cited in those two cases, we overrule the assignment of error and affirm the judgment of the Court of Common Pleas of Summit County denying the petition for postconviction relief.

*Judgment affirmed.*

BELL, P. J., and VICTOR, J., concur.